## State Highway Commission et al. v. Veiling et al.

(Decided July 3, 1929.)

PER CURIAM.

382

J. W. CAMMACK, Attorney General; CLIFFORD E. SMITH, Assistant Attorney General, and HUMPHREY, CRAWFORD & MID-DLETON for appellants.

ROBERT T. PATTERSON, LEO T. WOLFORD and WILLIAM MARSHALL BULLITT for appellees.

ARTHUR B. BENSINGER and J. VERSER CONNER, amici curiæ.

This is an appeal from a judgment of the Franklin circuit court adjudging invalid, and enjoining the carrying out of a contract made by the state highway commission with Stifel, Nicolaus & Co., Inc., C. W. McNear & Co. for the sale of tollbridge bonds to the amount of $10,700,000.

The conclusions of the court on the questions involved may be summarized as follows:

I. Competitive bidding requires that all bidders be placed on a plane of equality, and that they bid upon the same terms and conditions. To that end the set-up containing the terms and conditions should specify the face

value of the bonds, the rate of interest (which may be more than one), the time of maturity, when redeemable, and at what price they may be redeemed. It should also state with definiteness and certainty what the state highway commission agrees to do, and exactly what the bidder agrees to do. The advertisement should call for bids in accordance with the terms and conditions specified in the set-up. In making his bid, all that the bidder will have to do will be to state the amount of his bid and make it subject to the terms and conditions fixed in the set-up. If, in the opinion of the state highway commission, it is desirable, there may be more than one set-up upon which there may be alternative bidding. In this case the set-up, while containing much valuable information, was too vague and indefinite as to the terms and conditions of sale. The bids, including that of the successful bidder, were likewise indefinite. Therefore, to meet this situation, the state highway commission deemed it necessary to and did enter into private negotiations with the successful bidder, in order to agree on the terms and conditions of sale. This the law forbids, and for that reason the contract thereafter entered into as a result of such private negotiations was invalid. It is true that the state highway commission was confronted by a difficult situation, in that there was no standard form for bidding, and it was not an easy task to fix a form covering such a complicated problem. However, in the light of its experience we are confident that it may fix a set-up, or more than one set-up, complying with the principles announced in this opinion.

II. The state highway commission may pay out of the general road fund the cost of maintaining the tollbridges.

III. The purpose of the various highway acts being to acquire free roads and free bridges as soon as possible, the state highway commission may pay out of the general road fund any part of the cost of acquiring or constructing a tollbridge, and thus hasten the day when the bridge shall be free. However, when this is done, there should be a waiver of any lien on the bridge, and such waiver should be inserted in the bonds on that bridge.

IV. The state highway commission may pay out of the general road fund the cost of insuring the tollbridges.

V. The state highway commission is without authority to agree to give to a successful bidder an option to purchase other bonds that may be offered for sale at some future time.

VI. We find no merit in the other grounds on which the validity of the contract is assailed.

Wherefore the judgment is affirmed.